UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RECEIVED & FILED
`6 FEB 17 PM 12: 34
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN. P.R.

UNITED STATES OF AMERICA
(Rural Development)
Plaintiff

v.

NEREIDA LABOY LOPEZ
Defendant

CIVIL NO. 05-2190(JAF)

FORECLOSURE OF MORTGAGE

### JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing from
the records on file in this proceeding that default was entered by
the Clerk of this Court upon defendant NEREIDA LABOY LOPEZ, for
failure to answer or otherwise plead in this case, against which
defendants the plaintiff is entitled to a Judgment by Default, and
the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:



1.    On October 14, 1976, defendants herein subscribed a
Mortgage Note for the principal amount of $24,200.00 with interest
at the rate of 8½ per annum.

2.    Said Mortgage Note was subscribed in favor of or to the
order of Rural Development, an agency and instrumentality of the
United States of America.

3.    For the purpose of securing the payment of said note a
mortgage was constituted by Deed Number 169, dated October 14, 1976
before the Notary Public Kenneth Marty López, over the following
real property:

> "URBANA: Solar de forma regular marcado con el
> número Siete (7) del Bloque "C" con cabida de
> doscientos   noventa   metros   cuadrados   con
> veintiún centésimas de otro (290.21) de la

United States v. Nereida Laboy Lopez
Civil No. 05-2190(JAF)
Page 2

> Urbanización Residencial Belinda de Arroyo,
> radicada en el Barrio Ancones del Municipio de
> Arroyo, Puerto Rico y en lindes: por el NORTE,
> en veinticuatro metros con sesentiocho
> milésimas de otro (24.068) con el Solar Número
> Ocho de la misma urbanización; por el SUR, en
> veintitrés metros con trescientos
> quincemilésimas de otro (23.315) con el Solar
> Número Seis de la misma urbanización; por el
> ESTE, en doce metros con veinticinco
> centésimas de otro (12.25) con la calle número
> Dos de la misma urbanización; y por el OESTE
> en dos alineaciones de cuatro metros
> seiscientos setentiseis milésimas de otra
> (4.676) y siete metros con quinientos
> noventiseis milésimas de otro (7.596) con la
> Carretera Estatal Número Setecientos Cincuenta
> y Tres (753).

> Se halla afecta a las siguientes cargas: a
> servidumbre a favor de la Autoridad de las
> Fuentes Fluviales de Puerto Rico; y por su
> procedencia se halla afecta a servidumbre a
> favor del Estado Libre Asociado de Puerto
> Rico; y está afecta a restricciones y
> limitaciones sobre la construcción de uso".

Plaintiff's mortgage was recorded at page 249, volume 90 of Arroyo, property number 3,008, third inscription, at the Registry of the Property of Guayama, Puerto Rico.

4. The defendants herein owners of record of this property have failed to comply with the terms and conditions of the mortgage contract and have refused to pay the stipulated monthly installments, in spite of plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued

United States v. Nereida Laboy Lopez
Civil No. 05-2190(JAF)
Page 3

interest shall at once become due and payable at the option of the
holder.

    6. The defendants' indebtedness with the plaintiff is:

        a) $13,042.68 of aggregate principal;

        b) $6,430.04 of interest accrued as of June 20, 2004 and
thereafter until its full and total payment, which interest amount
increases at the daily accrual rate of $3.04;

        c) $0.00 of Subsidy Recapture;

        d) Plus insurance premium, taxes, advances, late charges,
costs, court costs, disbursements and attorneys fees guaranteed
under the mortgage obligation.

    7. Defendants, as debtors of the amounts prayed for in the
complaint, are hereby ORDERED AND ADJUDGED to pay unto the
plaintiff the amounts specified and set forth in the preceding
paragraph 6.

    8. In default of the payment of the sums herein specified or
of any part thereof within the ten (10) days from the date of entry
of this judgment, said property shall be sold by the Marshal of
this Court at public auction to the highest bidder thereof, without
an appraisement or right of redemption for the payment and
satisfaction of plaintiff's mortgage within the limits secured
thereby.

    9. The Marshal of this Court shall make the sale hereinabove
mentioned in accordance with 28 U.S.C. Section 2001 and Section
2002 and the applicable provisions of the Commonwealth of Puerto
Rico Mortgage Law.  The notice of sale shall be published in a

United States v. Nereida Laboy Lopez
Civil No. 05-2190(JAF)
Page 4

newspaper of general circulation once a week during four (4)
consecutive weeks.  The amount of $24,200.00 shall serve as the
minimum bid for the first public sale.  Should the first public
sale fail to produce an award or adjudication, two-thirds of the
aforementioned amount shall serve as the minimum bid for the second
public sale.  Should there be no award or adjudication at the
second public sale, the basis for the third sale shall be one-half
of the amount specified as minimum bid for the first public sale.
The Marshal of this Court shall proceed to issue the corresponding
notice of sale to be published in a newspaper of general
circulation without the need of further orders or writs from this
Court.  Such sale shall be subject to the confirmation of this
Court.  Upon confirmation the Marshal shall execute the
corresponding deed of judicial sale to the purchaser and he shall
be entitled to the delivery of the property sold and its physical
possession, in accordance with law.  Said possession may be
obtained through eviction of the occupant of the property without
the need of further order of this Court if executed within sixty
(60) days from the confirmation of the public sale.

      10. Any funds derived from the sale to be made in accordance
with the terms of this judgment and such further orders of this
Court shall be applied as follows:

            a) To the payment of all proper expenses attendant upon
said sale;

United States v. Nereida Laboy Lopez
Civil No. 05-2190(JAF)
Page 5

        b) To the payments of that part of the indebtedness owed
to the plaintiff in the same order and for the amounts specified,
and set forth in the preceding paragraph 6;

        c) If after making the above payments there shall be
surplus, said surplus shall be delivered to the Clerk of this
Court, subject to further orders of the Court;

        d) In the case the proceeds from the said sale are not
sufficient to cover the full amounts owing to the plaintiff, the
plaintiff shall be entitled to a deficiency judgment against the
defendant and shall have execution therefor.

    11.  The Property Registrar of the corresponding Property
Registry of Puerto Rico shall proceed to the recording of the
judicial sale deed in favor of the purchaser, free of any liens
subsequent to the date of the execution of the foreclosed mortgage.

    12. Plaintiff in these proceedings may apply to this Court for
such further orders as it may deem advisable to its interest in
accordance with the terms of this Judgment and the Clerk shall
proceed to issue of course all necessary writs to enforce and
execute the same.  Fed.R.Civ.P. 77(a).

    In San Juan, Puerto Rico, this 15th day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE